UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                            :

RAFAEL FEBUS, on behalf of himself, and all    :
others similarly situated,                               :

                             Plaintiffs,        :     10 Civ. 2590 (SHS)

        -against-                           :     OPINION & ORDER

GUARDIAN FIRST FUNDING GROUP, LLC, and :
JASON LEVY, and MARK FIDEL, individually,   :

                             Defendants.     :
------------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

        Earlier in this litigation, the Court conditionally certified the Fair Labor Standards Act ("FLSA") collective action (Dkt. No. 77), certified the New York Labor Law ("NYLL") Rule 23 class (Dkt. No. 77), and approved the parties' settlement (Dkt. No. 136). The only outstanding issue is the motion by plaintiffs' counsel, the Minneapolis firm of Nichols Kaster, PLLP, for attorneys' fees, litigation costs, and service awards[1] for certain class members. (*See* Dkt. No. 133.) Having determined that the total fees that counsel seeks are reasonable pursuant to *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43 (2d Cir. 2000), the Court now approves a fee award of $283,333—one-third of the $850,000 common fund resulting from the settlement. The Court finds the requested reimbursements for out-of-pocket costs reasonable except for the in-house photocopies. Counsel has not justified a rate of 25 cents per page. Thus, the Court awards Nichols

---

[1] Counsel uses the term "recognition payment" interchangeably with the more common term, "service award," to refer to additional compensation to certain class members for the time, effort, and expense of working to further the litigation. The Court uses the latter term.

Kaster $46,064.28 in costs. Finally, the Court finds the service awards reasonable in all respects.

### I. Analysis of Fees Pursuant to *Goldberger v. Integrated Resources, Inc.*

In wage-and-hour class actions, courts employ either a "percentage of the fund" or lodestar approach to determining appropriate fees, but "[t]he trend in this Circuit is to use the percentage of the fund method to compensate attorneys in common fund cases like this one." *Matheson v. T-Bone Rest., LLC*, No. 09 Civ. 4214 (DAB), 2011 WL 6268216, at *4 (S.D.N.Y. Dec. 13, 2011) (citing *McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010)). Moreover, courts in this Circuit have "routinely granted" requests for one-third of the fund in cases in which the settlement funds were substantially larger than $850,000. *See Johnson v. Brennan*, No. 10 Civ. 4712 (CM), 2011 WL 4357376, at *19 (S.D.N.Y. Sept. 16, 2011) (collecting cases with funds in excess of $6 million). Nonetheless, the Court still considers all the "*Goldberger* factors" to confirm the reasonableness of this award. Those factors are the following:

> (1) the time and labor expended by counsel;
> (2) the magnitude and complexities of the litigation;
> (3) the risk of the litigation . . . ;
> (4) the quality of representation;
> (5) the requested fee in relation to the settlement; and
> (6) public policy considerations.

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121-22 (2d Cir. 2005) (quoting *Goldberger*, 209 F.3d at 50).

Analyzing the first factor—time and labor expended by counsel—is effectively the equivalent of using the lodestar calculation "[a]s a 'cross-check' to a percentage award." *Wal-Mart Stores*, 396 F.3d at 123; *see, e.g.*, *Johnson*, 2011 WL 4357376, at *16.

Notwithstanding counsel's explanations at the May 14, 2012 hearing and counsel's supplemental affidavit in support of its motion (*see* Aff. of Reena I. Desai dated May 22, 2012 ("Desai Aff.") ¶¶ 8-11; Dkt. No. 137), the Court remains skeptical that the hourly rates set forth by counsel, especially for administrative work at $175 per hour, are reasonable. Nor is the Court persuaded that, as a rule, it should use the billing rates of the forum, rather than those where the attorneys actually practice, or some figure in between. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 191 (2d Cir. 2008) (finding that, depending on what a "reasonable, paying client" would be willing to pay, "a district court may use an out-of-district hourly rate—or some rate in between the out-of-district rate sought and the rates charged by local attorneys"). The question is what a reasonable, paying client would pay, and the Court doubts such a client would pay a Minnesota firm the higher legal rates that prevail in New York City—which reflect higher overhead and staff costs in New York— and pay in addition counsel's travel to New York for the conduct of this litigation, as well as counsel's lodging and meals here.

However, even assuming that all proposed rates and hours were halved—a greater adjustment than necessary here—the resulting lodestar figure of approximately $127,000 would not be so disproportionate to the fees requested as to render the percentage-based fees unreasonable. For fees of $283,333 and a lodestar of $127,000, the resulting "lodestar multiplier" of 2.2 is well within the range of acceptable. *See In re Lloyd's Am. Trust Fund Litig.*, No. 96 Civ. 1262 (RWS), 2002 WL 31663577, at *27 (S.D.N.Y. Nov. 26, 2002) (noting that a "multiplier of 2.09 is at the lower end of the range of multipliers awarded by courts within the Second Circuit"). Thus, the Court need not precisely

determine the most appropriate rates here to find that the first *Goldberger* factor squints in favor of the requested fee award.

The other factors require considerably less discussion. The second factor is the complexity of the case. Although this case is not on the scale of complexity of many class actions, courts have recognized that FLSA cases are complex and that "[a]mong FLSA cases, the most complex type is the 'hybrid' action brought here, where state wage and hour violations are brought as an 'opt out' class action pursuant to [Rule] 23 in the same action as the FLSA 'opt in' collective action pursuant to 29 U.S.C. § 216(b)." *Johnson*, 2011 WL 4357376, at *17.

Third, the risks of litigation were substantial, both on the merits and as to the ability to collect on a judgment once secured. "Uncertainty that an ultimate recovery will be obtained is highly relevant in determining the reasonableness of an award." *Id.* In addition to the risks present at the outset of litigation, the corporate defendant, Guardian First Funding Group, LLC, ceased operation and sold its assets to another entity while the case was pending. (*See* Mem. in Supp. of Mot. for Attorneys' Fees and Costs at 4; Dkt. No. 134.)

Fourth, the quality of representation, as evidenced by the substantial recovery and the qualifications of the attorneys, is high. As then District Judge Gerard E. Lynch recognized, Nichols Kaster is "a reputable plaintiff-side employment litigation boutique with a nationwide practice and special expertise prosecuting FLSA cases." *Imbeault v. Rick's Cabaret Int'l Inc.*, No. 08 Civ. 5458 (GEL), 2009 WL 2482134, at *3 (S.D.N.Y. Aug. 13, 2009).

Fifth, as noted above, a fee that is one-third of the fund is typical, and courts in this district have awarded 33% of substantially larger settlement funds in similar combined FLSA-NYLL wage and tip class actions. *See, e.g.*, *Prasker v. Asia Five Eight LLC*, No. 08 Civ. 5811 (MGC), 2010 WL 476009, at *6 (S.D.N.Y. Jan. 6, 2010) (awarding one-third of $1,050,000 fund); *Mohney v. Shelly's Prime Steak*, No. 06 Civ. 4270 (PAC), 2009 WL 5851465, at *5 (S.D.N.Y. Mar. 31, 2009) (awarding 33% of $3,265,000 fund).

Sixth and finally, as reflected in the prevailing preference for percentage-of-fund fee awards, public policy weighs in favor of approving this fee award. This structure "directly aligns the interests of the class and its counsel and provides a powerful incentive for the efficient prosecution and early resolution of litigation." *Wal-Mart Stores*, 396 F.3d at 122. In sum, the award of one-third of the fund is reasonable in light of all the relevant circumstances.

**II. Reasonableness of Costs and Service Awards**

The requested costs and service awards are reasonable in all respects save for the charges for photocopies. "It is well-settled in this Circuit that 'attorney's fees awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients.'" *Tlacoapa v. Carregal*, 386 F. Supp. 2d 362, 374 (S.D.N.Y. 2005) (quoting *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998)). At the settlement approval hearing, the Court expressed its concern that certain costs had not been justified with sufficient specificity. Plaintiffs' counsel thereafter submitted a supplemental affidavit setting forth support for the requested costs. (*See* Desai Aff.) Based on that affidavit and the prior submissions, the Court finds the following are

reasonable: courier service charges, court fees, court reporter fees, electronic research charges, one-half of the mediation expenses, PACER charges, postage, teleconference charges, travel expenses, the costs of a FOIA request, and the costs of publishing litigation notices.

The requested photocopying charges, however, are too high. Although the requested $244.50 represents a tiny fraction of the total costs, the Court is mindful of its duty to the class to scrutinize all cost requests. "Costs should be reimbursed at a rate no higher than would be charged by a commercial vendor." *Staples, Inc. v. W.J.R. Assocs.*, No. 04 Civ. 904 (SJ) (KAM), 2007 WL 2572175 (E.D.N.Y. Sept. 4, 2007). For photocopying, the "'going rate' in this district is 10 cents per page." *Robinson v. City of New York*, No. 05 Civ. 9545 (GEL), 2009 WL 3109846, at *11 (S.D.N.Y. Sept. 29, 2009). At the hearing, counsel had no explanation for the purported "cost" of 25 cents per page. And counsel's supplemental affidavit sidesteps the question by pointing out that no reimbursement has been requested for printing performed in-house. (Desai Aff. ¶ 17.) The implication is that over-billing for one expense is allowed if counsel under-billed for another cost. The Court rejects that logic. Counsel's failure to substantiate their request is consistent with the experience of federal district courts in New York, which routinely reduce such requests for photocopying reimbursement to 10-15 cents per page. *See Robinson*, 2009 WL 3109846, at *11 (granting a requested reduction from 30 cents to 15 cents); *Wise v. Kelly*, 620 F. Supp. 2d 435, 457 (S.D.N.Y. 2008) (reducing from 15 cents to 10 cents); *Staples*, 2007 WL 2572175, at *10 (reducing from 20 cents to 10 cents); *KingVision Pay-Per-View Corp. v. Tardes Calenas Moscoro, Inc.*, No. 01 Civ. 9775 (JGK) (JCF), 2004 WL 473306, at *5 (S.D.N.Y. Mar.12, 2004) (reducing from 75 cents

to 10 cents); *Anderson v. City of New York*, 132 F. Supp. 2d 239, 246 (S.D.N.Y. 2001) (finding 25 cents "excessive" and cutting the amount in half). Counsel has presented neither evidence that the "going rate" of 10 cents per page has changed, nor a reason for the Court to deviate from that rate. Accordingly, the reasonable photocopying costs of 978 pages are reduced from $244.50 to $97.80, and the Court sets the total costs award at $46,064.28.

Finally, the Court approves the requested service awards. Named plaintiff Febus will receive $3,000 for his significant contributions to the litigation, including his assistance to counsel's fact discovery efforts, his attendance at Rule 30(b)(6) depositions, and his time spent preparing for and attending his own deposition. (*See* Decl. of Reena I. Desai dated May 7, 2012 ¶ 14; Dkt. No. 135.) Class members Ralph Fairconeture, Charles Kirby, Vincent Lombardo, Raymond Reed, Theodore Martin, Steven Ditusa, Mark McMonigle and Russell Tunick will receive $200 each for the time and expense of attending their depositions.

## III. Conclusion

Plaintiffs' motion for attorneys' fees, costs, and service awards (Dkt. No. 133) is granted to the extent set forth above. Counsel is awarded $283,333 in attorneys' fees and $46,064.28 in reimbursements for out-of-pocket costs. As service awards, named plaintiff Febus is awarded $3,000, and class members Ralph Fairconeture, Charles Kirby, Vincent Lombardo, Raymond Reed, Theodore Martin, Steven Ditusa, Mark McMonigle and Russell Tunick are each awarded $200. The foregoing amounts shall be paid in accordance with the terms of the Court-approved settlement agreement dated January 6, 2012, as amended by addendum dated February 16, 2012.

Dated: New York, New York
       June 21, 2012

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.